FILED
SUPERIOR COURT
OF GUAM

2018 MAR -8 AM 9:06

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PILENTINA SOUMWEI, as Special Administratrix of the Estate of Ramond Soumei,<br><br>     Plaintiff,<br><br>vs.<br><br>GUAM HEALTHCARE DEVELOPMENT, INC., dba GUAM REGIONAL MEDICAL CITY; and JOHN DOES 1-10,<br><br>     Defendant. | CIVIL CASE NO. CV0584-17<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 3, 2017, for hearing on Defendant Guam Healthcare Development, Inc., dba Guam Regional Medical City's ("GRMC") Motion to Dismiss. Attorney Patrick Civille was present on behalf of GRMC along with GRMC legal counsel Lindsey Morgan, and Attorney Gloria Rudolph was present on behalf of Plaintiff Pilentina Soumwei, as Special Administratrix of the Estate of Ramond Soumei ("Plaintiff"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

This matter stems from allegations that GRMC Emergency Room Personnel did not treat Ramond Soumwei ("Ramond") with an acceptable standard of medical care within the medical community after being admitted to the GRMC Emergency Room on June 9, 2016, and

seeks damages resulting from events occurring that day forward, and resulting in Ramond's death on September 11, 2016. *See generally*, First Amend. Compl., Jun, 23, 2017. Plaintiff's Complaint alleges medical malpractice, wrongful death, and intentional infliction of emotional distress. *Id.*

On July 10, 2017, GRMC filed its Answer to the First Amended Complaint, as well as a Motion to Dismiss or in the Alternative Stay the Proceedings ("Motion to Dismiss"). On August 7, 2017, Plaintiff filed her Opposition, and on September 14, 2017, GRMC filed its Reply.

On November 3, 2017, the Court heard oral arguments and at the conclusion of the hearing, gave the parties leave to file additional briefing by December 15, 2017. On November 27, 2017, Plaintiff filed a Brief Re Opposition to Motion to Dismiss, and on December 1, 2017, GRMC filed its Response. On December 15, 2017, the Court placed the matter under advisement.

## DISCUSSION

The issue before the Court is whether Plaintiff complied with Guam's mandatory arbitration law prior to filing this matter in the Superior Court of Guam.

Under Guam law, medical malpractice claimants[1] are required to submit their claims to mandatory arbitration:

> Any claim that accrues or is being pursued in the territory of Guam, whether in tort, contract, or otherwise, *shall be submitted to mandatory arbitration pursuant to the terms of this Chapter* if it is a controversy between the patient, his relatives, his heirs-at-law or personal representative or any third party or other party, and the health professional or health care institution, or their employees or agents, and is based on malpractice, tort, contract, strict liability, or any other alleged violation of a legal duty incident to the acts of the health professional or health care institution, or incident to services rendered or to be rendered by the health professional or health care institution.

---

[1] Pursuant to 10 G.C.A. 10101(d), "*Malpractice* means any tort or breach of contract based on health care or professional services rendered or which should have been rendered by a health care professional or a health care institution to a patient."

10 G.C.A. § 10102 (emphasis added). "Arbitration is initiated by a petitioner . . . serving a written demand for arbitration upon a respondent or respondents . . . . The demand for arbitration shall be filed with the Association." 10 G.C.A. § 10103. Association "means the American Arbitration Association or other entity organized to arbitrate disputes pursuant to this Chapter." 10 G.C.A. §10101(a). Upon completion of arbitration proceedings, a party may apply to the Superior Court of Guam for an order confirming the award; move to vacate, modify, or correct the ward; or file a written Notice of Appeal and Request for Trial De Novo of the Action. *See* 10 G.C.A. §§ 10135-10139.

In the First Amended Complaint, Plaintiff states that the Court has jurisdiction over this matter because the case was rejected for arbitration by Pacific Arbitration and Mediation Services, Inc. ("PAM"). (First Amend. Compl. ¶¶ 1-3). GRMC argues that only filing a demand with PAM is not sufficient, and moves to dismiss this matter because Plaintiff has not satisfied the provisions of the Medical Malpractice Mandatory Arbitration Act. *See generally*, Mot. Dismiss, Jul. 10, 2017. GRMC further argues that Plaintiff's interpretation of the Act "would lead to serious abuse in violation of the clear purposes of the Act [as] it would allow claimants to purposefully seek out an arbitration forum that is known to not administer medical malpractice claims." (GRMC Brief at 7, Dec. 1, 2017).

Plaintiff argues that PAM is the only existing local entity organized to arbitrate claims under the Act, and that since neither Plaintiff nor the Court can compel PAMS to accept the claim for arbitration, the Court has subject matter jurisdiction over this matter. (Opp'n at 4, Aug. 7, 2017). Plaintiff further argues that the Arbitration Act only mandates "submission" to arbitration, but not that "completion" of arbitration is required, and that since the claim was submitted to PAMS but ultimately rejected, Plaintiff has fulfilled the substantive purpose of the Act. (Plt. Brief at 5-6, Nov. 27, 2017).

"It is a cardinal rule of statutory construction that courts must first look to the language of the statute itself. Absent clear legislative intent to the contrary, the plain meaning prevails." *People v. Camacho*, 2015 Guam 37 ¶ 31. "The plain meaning for statutory interpretation provides that 'if the language of a statute is clear and there is no ambiguity, then there is no

need to 'interpret' the language by restoring to the legislative history or other extrinsic aids. . . . [if] there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs." *Attorney General of Guam v. Gutierrez*, 2011 Guam 10 ¶ 26. Further, a "statute should be construed to give effect to all of its provisions so that no part would be superfluous or insignificant." *Macris v. Richardson*, 2010 Guam 6 ¶ 15 (citations omitted). *See also United States v. Menasche*, 348 U.S. 528, 538-39 (1955) (holding that "[t]he cardinal rule of statutory construction is to save and not to destroy. It is [the courts] duty to give effect, if possible, to every clause and word of a statute, rather than to emasculate an entire section.").

Here, the Act clearly states that medical malpractice claims shall be submitted to mandatory arbitration. *See* 10 G.C.A. § 10102. The Act further provides that post-award remedies may be sought *after an award is issued. See* 10 G.C.A. §§ 10135-37 (After an award is issued, the claimant may either seek to have the award confirmed or vacated with a re-hearing before the same or new arbitrators, or may seek a trial *de novo*). The Court finds that the Act, when read together as a whole, clearly indicates that claims must be submitted for arbitration and that the arbitration must be *completed* prior to proceeding in court. The Court further finds that a review of the legislative history of the Act also shows that the Legislature intended that all medical malpractice claims be arbitrated. In *Villagomez-Palisson*, the Supreme Court of Guam, after reviewing legislative committee findings for Bill 325 which was later enacted as P.L. 21-043 (the Medical Malpractice Mandatory Arbitration Act),[2] found that:

---

[2] Legislative committee findings for Bill 325 which was later enacted as P.L. 21-043 (the Medical Malpractice Mandatory Arbitration Act) included the following:

> The Committee finds that the medical malpractice problem has reached a crisis proportion during the last two decades. This dilemma is not a private battle between health care providers and their insurers, but rather, that increased costs are inevitably passed on to the consumer in the form of higher medical fees and costs. Costs also increase as a result of "defensive medicine" practiced by physicians in an effort to avoid malpractice suits. In the end, many insurance companies currently refuse to offer malpractice coverage or have raised the cost of premiums to prohibitive levels.

> The Guam Legislature tried to address the issue of medical malpractice when Public Law 13–115 was enacted into law on December 23, 1975. However, this piece of legislation was struck down

It is apparent that P.L. 21–043 was passed as a result of the perceived problem associated with the increase in the cost of malpractice insurance, and even its unavailability. The committee found that the island was faced with a dilemma due to the passing on of high medical fees and costs to the consumer, as well as the increase in costs of medical care due in part to the tendency of physicians to practice "defensive medicine" to avoid malpractice suits. The Guam Legislature apparently believed that the provisions of the Arbitration Act would remedy what it perceived as a crisis situation in the area of medical malpractice.

*Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 30. Therefore, although Plaintiff submitted a demand for arbitration to PAMS, the fact that the chosen forum denied the arbitration and will not administer the dispute does not relieve Plaintiff from complying with the Act's requirements.

Lastly, the Court does not find that there are changed circumstances warranting invalidation of the Act. Plaintiff argues that in 1991, when the Act was adopted, there used to be AAA offices in Guam and Hawaii but they have since closed and no longer exist. (Plt. Brief at 6). Plaintiff argues that utilizing the AAA's California office is more cumbersome and expensive to utilize, and while technology has changed, there is great difficulty in overcoming the 18-hour time difference and the challenges it brings. *Id.* at 7. Plaintiff also argues that the AAA's application of its Commercial Arbitration Rules and Mediation Procedures conflict with Guam's Arbitration Act, including the selection of arbitrators and the number of arbitrators. *Id.* The Court is not inclined to agree. The Court finds that the use of technology provides greater availability for the use of AAA or other arbitration entities, and assists in streamlining communication. In May 1991, AAA Regional Vice President Keith W. Hunter wrote in support of Bill 325, indicating that the AAA opened its office on Guam "to alleviate the logistical and geographical limitations of having to communicate directly with [the] Honolulu office," and

by the courts because it contained sections that are mutually incongruous and incompatible which makes the law inorganic and unenforceable.

Bill No. 325 provides that Legislature's response to the crisis of medical malpractice claims and offers solid framework toward this end.

*Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 29 (quoting SB Bill No. 325, 21st Leg. (Guam 1991) (Findings)).

because it would "afford parties the ability to obtain necessary arbitration materials in a matter of days." (Decl. of Gloria Rudolph, Aug. 7, 2017, Ex. 2). As GRMC points out, "we no longer have those same communications issues in today's modern world of the internet," and the fact that AAA no longer has a Guam satellite office does not equate to the Act being invalidated. Additionally, the Court does not find that the AAA Commercial Arbitration Rules are in conflict with the Arbitration Act. Courts have previously held that the AA must follow other rules applicable to the arbitration, including those by statute. *See, e.g., Azteca Const., Inc. v. ADR Consulting, Inc.*, 18 Cal. Rptr. 3d 142, 150-51 (Cal. App. 2004), *as modified* (Sep. 9, 2004). Additionally, AAA Commercial Arbitration Rules R-1(a) provides that "[t]he parties, by written agreement, may vary the procedures set forth in these rules." AAA Commercial Arbitration Rules R-13(a) also provides that "[i]f the agreement of the parties names an arbitrator or specifies a method of appointing an arbitrator, that designation or method shall be followed."

Accordingly, the Court finds that Plaintiff must submit the claim for arbitration to another available forum, whether it be the American Arbitration Association ("AAA") or any other entity organized to arbitrate disputes pursuant to 10 G.C.A. §10101(a), and that arbitration must be completed prior to this Court having further subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART GRMC's Motion to Dismiss. The Court finds that it does not have subject matter jurisdiction at this time, but will STAY the matter pending arbitration. The Court ORDERS Plaintiff to submit her claims to arbitration within forty-five (45) days of the issuance of this Decision and Order. A Status Hearing on arbitration is set for July 13, 2018 at 9:30 a.m.

**IT IS SO ORDERED** this 8th day of March, 2018.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of
P. Civille
by An-S Wolf
Date: 3-8-18 Time: 9:15AM
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam